[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13686
Non-Argument Calendar

_____

D. C. Docket No. 92-00039-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIOGENES PALACIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 7, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

On June 4, 2001, we affirmed appellant's convictions and sentences for

conspiracy to possess cocaine with intent to distribute and the substantive possession offense. United States v. Palacios, No. 92-5180 (11th Cir. 2001) (not published). The following year, appellant moved the district court to vacate his sentences under 28 U.S.C. § 2255 on the ground that in determining his sentence range under the Guidelines, the court miscalculated his criminal history points. The court denied his motion. Appellant twice thereafter challenged the validity of his sentences in motions addressed to the district court. The court construed these challenges as second or successive § 2255 motions and denied them.

In March 2006, appellant, proceeding under 18 U.S.C. § 3582(c)(2), once again challenged his sentences on the ground that the court miscalculated his criminal history points. He contended that the court miscalculated his criminal history points by assessing points for three prior misdemeanor convictions that did not meet the minimum sentencing requirements under U.S.S.G. § 4A1.1(c)(1), and asked to be re-sentenced. The court denied his motion, concluding that it lacked jurisdiction to entertain it.

Section 3582(c)(2) permits a district court to modify a defendant's sentence if the sentence range subsequently has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2). The problem appellant faces is that the alleged miscalculation of his criminal history

2

points is not premised upon a subsequent, retroactive Guidelines amendment by the Sentencing Commission. Hence, the district court correctly determined that it lacked jurisdiction to entertain his § 3582(c) motion. In that there is no other legal basis for granting appellant the relief he seeks, the district court's decision is

**AFFIRMED.**